# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW C. ZAGALA,<br><br>              Petitioner,<br><br>    v.<br><br>E. VALENZUELA, Warden,<br><br>              Respondent. | Case No. CV 13-3840-JVS (JEM)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## INTRODUCTION

On March 7, 2013, in the United States District Court for the Northern District of California ("Northern District"), Matthew C. Zagala ("Petitioner"), a state prisoner proceeding pro se filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254.  On May 28, 2013, the Northern District transferred the action to this Court for further consideration.  On June 14, 2013, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Petition be dismissed with prejudice.  On July 3, 2013, Petitioner filed Objections to the R&R ("Objections").

## DISCUSSION

The R&R recommends that the Petition be summarily dismissed with prejudice because "[f]airly construed, Petitioner's single claim for relief in the Petition challenges a

decision of the California Board of Parole Hearings ("[BPH]") finding him unsuitable for parole", and "[t]he United States Supreme Court's decision in Swarthout v. Cooke, __ U.S. __, 131 S. Ct. 859 (2011) (per curiam), definitively forecloses Petitioner's claim." (R&R at 1.) Petitioner objects that he does not contest the parole hearing. (Objections at 3.) However, the Petition challenges the fact that the "BPH is using [an altered] copy [of Petitioner's confession] as truth[.]" (Petition at 6; see id., Attachment at 14.)[1] Therefore, the Court fairly construes Petitioner's claim as disputing the BPH's reliance on a falsified copy of Petitioner's confession to deny him parole, notwithstanding Petitioner's assertion to the contrary. (See Petition at 6; id., Attachment at 14; Objections at 3.) This is consistent with Petitioner's contention in his Objections that he is "now . . . being kept in prison" based on an allegedly falsified and uncertified copy of his confession. (Objections at 3.) Accordingly, notwithstanding Petitioner's Objections, the Court fairly construes Petitioner's single claim for relief as challenging the BPH's denial of parole.[2] Petitioner's claim is foreclosed by Swarthout, and the pending Petition must be summarily dismissed.

## **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, the records on file, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which Petitioner has objected. The Court accepts the findings and recommendations of the Magistrate Judge.

---

[1] For ease of reference, the Court labels and refers to the pages in the Attachment to the Petition in consecutive order, i.e., 1-14.

[2] To the extent Petitioner may wish to challenge the validity of his conviction and/or sentence, he may file a new petition for writ of habeas corpus clearly stating so. However, given that Petitioner was convicted and/or sentenced no later than 1983, (see Petition at 3 (Petitioner appealed his conviction in 1983)), any such claim is likely to be untimely under the 1-year period of limitation for state prisoners to seek federal habeas review pursuant to the Antiterrorism and Effective Death Penalty Act of 1996. See Wall v. Kholi, 131 S.Ct. 1278, 1283 (2011).

2

1 **IT IS HEREBY ORDERED** that Judgment shall be entered denying the Petition for Writ of Habeas Corpus and dismissing this action with prejudice.

DATED: August 9, 2013

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE